

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 21, 1973

The Honorable A. Bryan Spires, Jr., M.D.    Opinion No. H- 157
Secretary
Texas State Board of Medical Examiners    Re:    Examination and licensing
900 Southwest Tower                               of aliens by the Texas
Austin, Texas 78701                               State Board of Medical
                                                  Examiners

Dear Dr. Spires:

You have asked two questions regarding the obligation of the Texas State Board of Medical Examiners to examine aliens. Your first question seeks a reconsideration of two prior Attorney General Opinions and asks:

"Is the Texas State Board of Medical Examiners required to admit to examination aliens who have not filed their declaration of intent to become citizens?"

Article 4501, Vernon's Texas Civil Statutes, provides in part that, "an applicant, to be eligible for the examination, must be a citizen of the United States, or have filed his declaration of intention to become a citizen . . . ."

This office has twice concluded that the provision of Article 4501 limiting examination and licensing on the basis of citizenship is constitutionally invalid. Attorney General Opinions O-866 (1939) and R-2247 (1950). Identical conclusions have been reached in opinions regarding certified public accountants, Attorney General Opinion H-81 (1973), and vocational nurses, Attorney General Opinion M-447 (1969).

All of these opinions were based on the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The amendment speaks of "persons" rather than "citizens," and it has long been settled that its guarantees extend to all persons within the territorial jurisdiction of a

state without regard to citizenship.  Yick Wo v. Hopkins, Sheriff, 118 U.S. 356, 369 (1886).  The continuing vitality of the doctrine is demonstrated by recent decisions of the United States Supreme Court which struck down an Arizona law setting more stringent residency requirements for aliens than for citizens to qualify for welfare benefits [Graham v. Richardson, 403 U.S. 365 (1971)]; a New York law limiting civil service jobs to United States citizens [Sugarman v. Dougall, ___U.S.___, 93 S. Ct. 2842 (1973)]; and a Connecticut requirement that lawyers be citizens of the United States [In re Griffiths, ___U.S.___, 93 S. Ct. 2851 (1973)].

It is still our opinion that the portion of Article 4501 which limits admission to examination to citizens of the United States and to those persons who have filed their declarations of intention to become citizens is unconstitutional.  The Board is required to examine applicants without regard to citizenship.

In connection with your second question you indicate that:

> " . . . individual doctors, otherwise qualified, who are aliens, have applied to the Board for examination and licensure even though the immigration laws of the United States would prohibit such persons from practicing medicine authorized by the license for the reason that the alien holds a visa which prohibits him from being employed except in a student category."

Your second question asks:

> " . . . may the Texas State Board of Medical Examiners under the authority of Article 4496 prescribe rules and regulations to insure that licenses shall be issued to aliens only if the applicant alien is authorized to remain in the United States and earn a living or be employed in a regular non-student capacity?"

Article 4496, Vernon's Texas Civil Statutes, provides in part that, "The board may prescribe rules, regulations and by-laws, in harmony with the pro-

visions of this title, for its own proceedings and government for the examination of applicants for the practice of medicine and obstetrics."

It is axiomatic that any regulations the Board adopts must conform to the requirements of the Fourteenth Amendment.

Although your letter indicates that some applicants hold visas forbidding employment, it is unlikely that any applicant is absolutely precluded from working in this country. Federal regulations recognize that persons on non-immigrant visas may be granted permission to obtain employment in this country. 8 C.F.R. § 214.1(c) (1973). Special provisions are made for employment of students [8 C.F.R. § 214.2(f)(6) (1973)], of interns and residents [8 C.F.R. § 214.2(h)(4)(ii) (1973)], and of physicians [8 C.F.R. § § 214.2(h)(2) (iii) (1973) and 214.2(h)(4)(iv) (1973)].

The power to control immigration is vested solely in Congress. Fong Yue Ting v. U.S., 149 U.S. 698, 713 (1893). The statutory scheme enacted by Congress is pervasive, and a state may not enact statutes or regulations which curtail, interfere with or conflict with the comprehensive Congressional program. Hines v. Davidowitz, 312 U.S. 52 (1941). Any attempt to deny aliens a right to earn a livelihood when lawfully admitted to a state is clearly invalid. Truax v. Raich, 239 U.S. 33, 42 (1915); Purdy & Fitzpatrick v. State, 456 P 2d 645 (Cal. 1969).

It is our conclusion that any regulation by the Board that sets special qualifications for aliens which do not apply to citizens would be an unconstitutional interference with the federal program of regulating immigration and would be a violation of the equal protection guarantees of the Fourteenth Amendment to the United States Constitution.

## SUMMARY

The Texas State Board of Medical Examiners may not refuse to admit to examination an alien, legally within the United States, but who has not filed a declaration of intention to become a citizen for any reason relating solely to his alienage,

unless he is specifically prohibited from taking the examination by federal law.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee